1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER, | CASE  NO.  1:10-cv-01261-AWI-GBC  (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| K. MENDOZA-POWERS, et al., | (ECF No. 1) |
| Defendants. | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff James W. Brammer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 14, 2010.  (ECF No. 1.)   No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.   SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff alleges violations of his Eighth Amendment right to adequate medical care. Plaintiff names the following individuals as Defendants: K. Mendoza-Powers and D. Moody.

Plaintiff alleges the following: Defendant Moody was the only dentist employed at Avenal State Prison upon Plaintiff's arrival. Plaintiff had several broken teeth and erosion at the gum line.  Defendant Moody misclassified one of Plaintiff's broken teeth so that Plaintiff could not get urgent care and adequate dental treatment.  Plaintiff placed several requests for treatment.

On September 16, 2006, Plaintiff severely cut his tongue on his broken tooth and was refused treatment by the dental staff.  On October 6, 2006, Plaintiff again cut his tongue and was again denied medical treatment.  On November 16 and December 23, 2006, Plaintiff severely lacerated his tongue.  Finally, on January 3, 2007, Plaintiff was examined by Defendant Moody, but Moody did not do anything to repair the broken tooth.

Plaintiff seeks compensatory and punitive damages.

///

1

IV.   **ANALYSIS**

2

The Civil Rights Act under which this action was filed provides:

3

4

5

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress.

6

7

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

8

Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

9

1997) (internal quotations omitted).

10

A.   **Medical Claim**

11

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical

needs in violation of the Eighth Amendment.

12

13

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

14

inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

15

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The

16

two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

17

need' by demonstrating that 'failure to treat a prisoner's condition could result in further

18

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

19

response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

20

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

21

WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

22

omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

23

prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439

24

F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of

25

the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

26

named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . .

. .."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

27

28

The objective component of deliberate indifference requires the showing of a

1   serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's
2   condition could result in further significant injury or the 'unnecessary and wanton infliction
3   of pain'."  McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104);
4   see also Jett, 439 F.3d at 1096.  "This is true whether the indifference is manifested by
5   prison doctors in their response to the prisoner's needs or by prison guards in intentionally
6   denying or delaying access to medical care or intentionally interfering with treatment once
7   prescribed."  Estelle, 429 U.S. at 104-105.  The objective element requires proof that the
8   prisoner's serious medical needs were not timely and properly treated.

9       The subjective component of deliberate indifference considers the nature of the
10  defendant's response to the serious medical need and whether the defendant had a
11  culpable mental state, which is "'deliberate indifference' to a substantial risk of serious
12  harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at
13  835).  "[T]he official must both be aware of the facts from which the inference could be
14  drawn that a substantial risk of serious harm exists, and he must also draw the inference."
15  Farmer, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns
16  not upon its effect on the prisoner, but rather, upon the constraints facing the official."
17  Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).  "This
18  second prong--defendant's response to the need was deliberately indifferent--is satisfied
19  by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible
20  medical need and (b) harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing
21  McGuckin, 974 F.2d at 1060).  "A prisoner need not show his harm was substantial;
22  however, such would provide additional support for the inmate's claim that the defendant
23  was deliberately indifferent to his needs."  Id.  Indications of a serious medical need include
24  "[t]he existence of an injury that a reasonable doctor or patient would find important and
25  worthy of comment or treatment; the presence of a medical condition that significantly
26  affects an individual's daily activities; or the existence of chronic and substantial pain."
27  McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th
28  Cir. 1990)).

4

1    If the claim alleges mere delay of treatment, the inmate must establish that the delay
2  resulted in some harm.  McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of
3  State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)).  The delay need not
4  cause permanent injury.  McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503
5  U.S. 1, 10 (1992).  Unnecessary infliction of pain is sufficient to satisfy this requirement.
6  Id.

7    In applying this standard, the Ninth Circuit has held that before it can be said that
8  a prisoner's civil rights have been abridged, "the indifference to his medical needs must be
9  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
10 cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)
11 (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in
12 diagnosing or treating a medical condition does not state a valid claim of medical
13 mistreatment under the Eighth Amendment.  Medical malpractice does not become a
14 constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106;
15 see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974
16 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence
17 is insufficient to establish deliberate indifference to serious medical needs.  See Wood v.
18 Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

19    Also, "a difference of opinion between a prisoner-patient and prison medical
20 authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon,
21 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must
22 show that the course of treatment the doctors chose was medically unacceptable under
23 the circumstances . . . and . . . that they chose this course in conscious disregard of an
24 excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)
25 (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment
26 does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242
27 (9th Cir. 1989).

28    Plaintiff states that his broken tooth was misclassified by Defendant Moody and due

5

1    to the classification given, Plaintiff could not receive urgent dental treatment.  Plaintiff

2    further states that his tongue was cut several times by the broken tooth, and that he was

3    denied medical treatment each time.  Plaintiff states that he was eventually seen by

4    Defendant Moody who failed to do anything about the broken tooth.

5          As currently pleaded, Plaintiff has not made sufficient allegations to state a claim

6    for deliberate indifference to a serious medical need.  First, Plaintiff has not demonstrated

7    that his broken tooth was a serious medical injury that needed treatment.  He does not

8    state that it caused him pain or that it adversely effected him in anyway.

9          As to Defendant Moody, the "misclassification" appears to be nothing more than

10   negligence on Moody's part.  It does not appear to be deliberate indifference to Plaintiff's

11   dental need.  And, as currently pleaded, the failure to do anything about the broken tooth

12   does not appear to show deliberate indifference as, again, Plaintiff's broken tooth does not

13   appear to be a serious medical injury requiring urgent treatment.

14         Plaintiff also fails to attribute the denials of treatment for the cuts on his tongue to

15   any named Defendant.  Thus, these allegations fail as well.

16         Plaintiff's Eighth Amendment claims are dismissed for failure to state a cognizable

17   claim.  Plaintiff will be given one opportunity to amend his complaint.  In his amended

18   complaint, Plaintiff must demonstrate that the broken tooth was in fact a serious medical

19   injury requiring treatment and that named Defendants were aware of and deliberately

20   indifferent to Plaintiff's dental needs.

21            **B.     Personal Participation and Supervisory Liability**

22         Plaintiff appears to be arguing that Defendant Mendoza-Powers is liable for the

23   conduct of her subordinates as she was not present and did not participate in the

24   complained of conduct as currently described by Plaintiff.  Plaintiff goes on at some length

25   about how Defendant Mendoza-Powers has refused to hire adequate numbers of dentists

26   to treat the inmate population at Avenal State Prison.

27         Under Section 1983, Plaintiff must demonstrate that each named Defendant

28   personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930,

934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333 F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability.  Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id.  "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).  However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the

1  supervisor's knowledge of and acquiescence in unconstitutional conduct by others." <u>Star</u>

2  <u>v. Baca</u>, 633 F.3d 1191, 1196 (9th Cir. 2011).

3        In this action, Plaintiff has not alleged facts demonstrating that Defendant Mendoza-

4  Powers personally acted to violate his rights.  Plaintiff must specifically link each Defendant

5  to a violation of his rights.  Plaintiff shall be given the opportunity to file an amended

6  complaint curing the deficiencies described by the Court in this order.

7  **V.    CONCLUSION AND ORDER**

8        The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon

9  which relief may be granted.  The Court will provide Plaintiff time to file an amended

10  complaint to address the potentially correctable deficiencies noted above.  <u>See</u> <u>Noll v.</u>

11  <u>Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must

12  demonstrate that the alleged incident or incidents resulted in a deprivation of his

13  constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual

14  matter . . . to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting

15  <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally

16  participated in the deprivation of his rights.  <u>Jones</u>, 297 F.3d at 934.

17        Plaintiff should note that although he has been given the opportunity to amend, it

18  is not for the purposes of adding new defendants or claims.  Plaintiff should focus the

19  amended complaint on claims and defendants discussed herein.

20        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

21  be complete in itself without reference to any prior pleading.  As a general rule, an

22  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,

23  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

24  serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26  The amended complaint should be clearly and boldly titled "First Amended Complaint,"

27  refer to the appropriate case number, and be an original signed under penalty of perjury.

28        Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1261-AWI-GBC (PC); and

3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    June 9, 2011

UNITED STATES MAGISTRATE JUDGE