1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JAMES W. BRAMMER,                          CASE NO. 1:10-cv-01261-AWI-GBC (PC)

10                          Plaintiff,          ORDER TO SHOW CAUSE FOR FAILURE
                                                TO COMPLY THE COURT'S JUNE 10,
11        v.                                    2011 SCREENING ORDER

12   K. MENDOZA-POWERS, et al.,                 PLAINTIFF MUST SHOW CAUSE OR FILE
                                                AN AMENDED COMPLAINT BY OCTOBER
13                          Defendants.         3, 2011
     _____/

14

15                                    **ORDER**

16        Plaintiff James W. Brammer is proceeding pro se and in forma pauperis in this civil

17   rights action pursuant to 42 U.S.C. § 1983.  On June 10, 2011, the Court screened

18   Plaintiff's Complaint and found that it failed to state any claims upon which relief could be

19   granted.  (ECF No. 10.)  The Court dismissed Plaintiff's Complaint and ordered him to file

20   an amended complaint within thirty days.  (Id.)  Plaintiff was warned that failure to comply

21   with the Court's Order may result in dismissal of this action for failure to state a claim upon

22   which relief could be granted.  (Id.)  Plaintiff was granted an additional thirty days to file an

23   amended complaint. (ECF Nos. 11 & 12.)  Plaintiff's First Amended Complaint was due by

24   August 31, 2011.  (Id.)

25        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

26   Local Rules or with any order of the Court may be grounds for the imposition by the Court

27   of any and all sanctions . . . within the inherent power of the Court."  District courts have

28   the inherent power to control their dockets and "in the exercise of that power, they may

                                                1

1  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

2  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

3  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

4  or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

5  1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,

6  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment

7  of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure

8  to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

9  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

10  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

11  (dismissal for failure to lack of prosecution and failure to comply with local rules).

12      To date, Plaintiff has not filed an amended complaint or otherwise responded to the

13  Court's June 10, 2011 Screening Order and more than thirty days have passed since the

14  Court granted Plaintiff an extension of time.  Accordingly, not later than **October 3, 2011**,

15  Plaintiff shall either file an amended complaint or show cause as to why his case should

16  not be dismissed.

17      Plaintiff is hereby on notice that failure to comply with this Order will result in

18  dismissal of this action for failure to prosecute and failure to state a claim upon which relief

19  could be granted.

20  IT IS SO ORDERED.

21

22  Dated:    September 2, 2011

    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28