# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRAMMER, | CASE NO. 1:10-cv-01261-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| K. MENDOZA-POWERS, et al., | |
| Defendants. | Doc. 17 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On July 14, 2010, Plaintiff James W. Brammer ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 10, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 10. On October 12, 2011, Plaintiff filed a first amended complaint. Doc. 17.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

//

//

**II. Allegations in Plaintiff's First Amended Complaint**

In Plaintiff's first amended complaint, he names Defendants K. Mendoza-Powers, Warden and D. Moody, D.D.S., who were employed at Avenal State Prison ("Avenal"). Am. Compl. at 1-3, Doc. 17. On June 6, 2006, Plaintiff arrived at Avenal. *Id.* at 5. On September 20, 2006, Plaintiff filed an inmate appeal stating that he has been incarcerated since 1991 in Tehachapi, Centinela, Pleasant Valley, and Avenal prisons, and he has yet to have his dental problems resolved. *Id.* at 12, 14. Plaintiff requested weekly dental care. *Id.* at 12.

Plaintiff alleges that he suffered excruciating pain from broken and decaying teeth. *Id.* at 3. The dentist at Avenal, Defendant Dr. Moody, examined Plaintiff and found that he was a level two priority. *Id.* Dr. Moody advised that if his condition worsened, he would be eligible for emergency treatment. *Id.* Plaintiff continued to suffer severe pain and filed numerous 602 appeals stating his broken teeth had lacerated his tongue on several occasions. *Id.* Dr. Moody refused to provide the dental treatment that Plaintiff required, which resulted in the loss of three teeth. *Id.* at 3, 6. Defendant Warden Mendoza-Powers was responsible for all Avenal prison staff, was made aware of the situation, and did not address the issue. *Id.* at 3. Plaintiff wrote Defendant Warden Mendoza-Powers to inform her of his serious medical needs but the Warden did not answer his letters. *Id.* at 5.

For relief, Plaintiff seeks monetary damages of $1,500 per laceration caused by razor sharp edge of broken tooth; $5,000 per tooth lost; and punitive damages to be determined by the evidence. *Id.* at 3.

**III. Legal Standard and Analysis for Plaintiff's Claims**

**A. Eighth Amendment Deliberate Indifference to Serious Medical Need**

**1. Legal Standard**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

1  indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.
2  1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)
3  (en banc)).

4      Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's
5  pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d
6  at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or
7  intentionally interfere with medical treatment, or it may be shown by the way in which prison
8  physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay
9  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
10 make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely
11 v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

12     Under § 1983, Plaintiff must link the named defendants to the participation in the violation
13 at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th
14 Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be
15 imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-
16 49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or
17 directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*,
18 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*,
19 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th
20 Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or
21 inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence
22 in, an unconstitutional policy may support a claim, the policy must have been the moving force
23 behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir.
24 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*,
25 885 F.2d 642, 646 (9th Cir. 1989).

26     Plaintiff may not seek to impose liability on defendants merely upon position of authority,
27 based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a
28 plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 2. Analysis

Plaintiff fails to state a cognizable Eighth Amendment claim. As for Defendant Warden Mendoza-Powers, Plaintiff cannot hold the Defendant Warden liable under the theory of respondeat superior. *Iqbal*, 129 S. Ct. at 1948-49.

Plaintiff alleges Defendants were indifferent to his dental needs. However, Plaintiff's amended complaint demonstrates that Defendants were not indifferent to Plaintiff's complaints but treated Plaintiff and placed him on level two priority. Plaintiff's allegations may, at most, amount to negligence, which is insufficient to hold a defendant liable for deliberate indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). As a matter of law, differences of opinion between prisoner and

prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Thus, even with liberal construction, Plaintiff's amended complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. The amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action should be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court should be directed to close the case.

//

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 30, 2012

UNITED STATES MAGISTRATE JUDGE